U.S. Dist. Court
Dist. of Conn.

Jason Vaughn : #
v :
Rollin Cook, :
Kristin Baron, :
Antonio Santiago, :
David Maiga, :
Daniel Perez, :
C.O. Matthews and C.O. Behm, :
all sued in their individual :
and official capacities. :

## I. VERIFIED COMPLAINT

1. Plaintiff Jason Vaughn brings this action pursuant to 42 USC § 1983 because Defendants have knowingly subjected him to disciplinary proceedings and classified him as a security risk group member as punishment for violating vague and overbroad prison rules in violation of the Fourteenth Amendment to the United States Constitution.

## II. PARTIES

2. Plaintiff, Jason Vaughn, ("Plaintiff") is an inmate currently confined to the Connecticut Department of Correction at MacDougall-Walker Correctional Institution.

3. Defendant, Rollin Cook, ("Cook") is the current Commissioner of the Department of Correction. As such, his duties and responsibilities are outlined in the Conn. Gen. Stat. § 18-81. At all relevant times, he was acting

within the scope of his duties and under color of state law. He is sued in his individual and official capacities.

4. Defendant, Kristin Baron, ("Baron") is the Warden at MacDougall-Walker CI (MWCI). As such, she has certain responsibilities for the creation and enforcement of policies at MWCI, training and supervision of employees at MWCI, and the overall custody and care of inmates at MWCI. At all relevant times, she was acting within the scope of her duties and under color of state law. She is sued in her individual and official capacities.

5. Defendant, Antonio Santiago, ("Santiago") is the director of security for the DOC. As such, his duties and responsibilities are outlined in the Regulations of Connecticut State Agencies. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

6. Defendant, Daniel Perez, ("Perez") is a correctional lieutenant and also the Disciplinary Hearing Officer (DHO) at MWCI. As such, he was in a position of authority and had certain responsibilities to the disciplinary process. At all relevant times, he was acting within the scope of his duties and under color of state law. He is sued in his individual and official capacities.

7. Defendant, Matthews, ("Matthews") is a correctional officer and disciplinary investigator at MWCI. As such, he was in a position of authority and had certain

responsibilities to the disciplinary process. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

8. Defendant Behm ("Behm") is a correctional officer at MWCI. As such, he was in a position of authority as an intelligence officer. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

9. Defendant David Maiga ("Maiga") is the Director of Offender Population Management and Classification for the DOC. As such, he has certain responsibilities for the custody and care of inmates and the classification process. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

## III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 because this action arises under the Constitution and laws of the United States and pursuant to 28 USC § 1343(a)(3) and 42 USC § 1983 because this action seeks to redress the deprivation of constitutional rights under color of state law.

11. Plaintiff has exhausted all available administrative remedies pursuant to the Department of Correction Administrative Directives 9.6 and the Prisoner Litigation

Reform Act ("PLRA"), 42 USC § 1997e(a).

12. Pursuant to Acting District Administrator Butricks, the DOC Administrative Directive 9.6 provides only "an initial security risk group member designation to be appealled by completing and depositing CN 9602, Inmate Administrative Remedy Form, in the Administrative Remedies box within 15 calendar days of the notice of designation." See Exhibit 3.

13. Venue in this judicial district is proper pursuant to 28 USC § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

IV. STATEMENT OF FACTS

14. On June 11, 2019, defendant Behm issued Plaintiff a disciplinary report for Security Risk Group Affiliation ("SRGA").

15. Pursuant to Administrative Directive 9.5 § 12(Z), SRGA is defined as follows: Possessing or displaying any materials, symbols, colors, or pictures of any identified security risk group group; or behaviors uniquely or clearly associated with a security risk group.

16. Pursuant to Administrative Directive 9.5 § 3(T), SRG is defined as follows: A group of inmates specifically designated by the Commissioner, which poses a threat to the safety of staff, the unit or other inmates.

17. Defendant Behm issued the disciplinary report

against Plaintiff based on a telephone conversation with a non-inmate.

18. The disciplinary report claimed that "at the conclusion of an investigation into Security Risk Group (SRG) blood activity at MWCI, it was evident that inmate Vaughn Jason # 292549 is an active ranking member of the SRG bloods. On recorded Securus phone calls dated 5-23-19 at 8:43 pm, and 6-03-19 at 8:53 pm, inmate Vaughn engaged in a conversation with BNA Diamond Decordova (860) 543 5487) 40 Bina Ave, Windsor, CT 06095. In the phone calls, inmate Vaughn uses numerous SRG identifiers associated with the SRG group bloods and talks about "Building the house and taking out the trash" with Diamond Decordova and refers to her rank as # 1 and "Head of the household". Inmate Vaughn continues the conversation with Diamond Decordova relating to more SRG blood related materials, while also mentioning other inmates previously or actively affiliated with the bloods. Inmate Vaughn's active involvement with the bloods is a clear violation of A.D. 9.5 Security Risk Group Affiliation."

19. The disciplinary report is vague as it does not detail what the SRG identifiers are despite alleging that Plaintiff used multiple SRG identifiers.

20. The disciplinary report misrepresents the conversation between the plaintiff and Diamond Decordova, who is his significant other, and the language that

defendant Behm quote from that conversation, such as, "building the house and taking out the trash with his significant other and referring to her as #1 and being head of the household," is plain language used by lovers and ordinary people.

21. The plaintiff did mentioned the name of a currently incarcerated inmate, Benjamin Simmons, who was, in fact, wrongfully classified or designated an SRG member, but the mentioning of a name of an inactive or active SRG member is not sufficient grounds to subject the plaintiff to disciplinary proceedings and classify him as an SRG member from that disciplinary proceeding.

22. The disciplinary report does not allege that the plaintiff was talking about blood related business.

23. The Administrative Directive 10.7 and the Regulations of Connecticut State Agencies § 18-81-28 through § 18-81-51, as well as facility post orders and notices, only informs inmates that collect call telephones may be recorded and listened to.

24. Defendants Cook, Baron, Santiago, Perez, Matthews, Maiga and Behm, gave the plaintiff inadequate notice that prison telephone calls are also subjected to disciplinary proceedings, and these defendants had numerous opportunities to inform inmates that prison telephone calls of this sort are subject to disciplinary proceedings.

25. The disciplinary report provides the plaintiff with inadequate notice of the alleged misconduct and is vague.

26. On June 28, 2019, the plaintiff was brought to a disciplinary hearing where defendant Perez presided over the hearing and found Plaintiff guilty of SRGA. Defendant Perez imposed sanctions of 15 days' confinement in punitive segregation, 60 days' loss of visiting privileges, 45 days' loss of commissary privileges and 15 days loss of Risk Reduction Earned Credit (RREC) time for the disciplinary charge.

27. Although Defendant Perez found Plaintiff guilty, the plaintiff pled guilty to the charge for specific and reduced sanctions that was outlined in the process summary report.

28. Defendant Perez did not make an affirmative determination that Plaintiff was an SRG member and did not sanction him with placement in the SRG Program.

29. Defendants Perez, Matthews and Behm, are all aware and know that inmates must be given actual and specific notice of prison rules and that it is wrong for defendants to initiate disciplinary proceedings and punishment against him.

30. Upon information and belief from another fellow inmate named, Jerome Riddick, the DOC revised its offense of Security Risk Group Affiliation on February 9, 2018; and that Jerome Riddick filed

an action against certain employees of the DOC claiming, inter alia, vague and inadequate notice of prison rules, and that case is captioned, Riddick v. Semple, et al., No. 3:18cv313 (SRU), and that case is similar to the plaintiff's case and predicated upon nearly the same circumstances.

31. Plaintiff was given a copy of the revised offense of SRGA by fellow inmate, Jerome Riddick, and that revised offense of SRGA is attached hereto as Exhibit 2.

32. The revised offense of SRGA is as follows: "Possessing, displaying or communicating anything that can be reasonably associated with a security risk group, including but not limited to: materials, symbols, colors or pictures, behaviors or language of any kind of any identified security risk group.

33. Despite the DOC revising its offense of SRGA over a year ago, the defendants Cook, Baron, Santiago, Perez, Maiga, Matthews and Behm, failed to give inmates including Plaintiff any type of notice of the revised offense by either incorporating it into the respective administrative directive or by posting it in the units of DOC facilities.

34. The only way an inmate will be aware or know of the new or revised offense of SRGA is if an inmate submitted an "Freedom of Information Act" ("FOIA") request to the DOC and paid for copies of such revision.

35. The Defendants and the DOC was on notice that the inmate population was not provided with any type of notice of the revised offense of SRGA when Jerome Riddick filed his action as described in paragraph 30 herein.

36. Despite the plaintiff's agreement for specific and reduced sanctions in exchange for pleading guilty to the offense, the defendants Baron, Santiago and Maiga, removed the plaintiff from the "General Population" and reclassified him as Security Risk Group Status and further classified him as a member of the Blood Gang when he is not a member of any gang.

37. Defendants Cook, Baron, Santiago and Maiga, held no hearing before or after reclassifying him as SRG status and a Blood Gang member.

38. While the plaintiff was in the General Population he was allowed to attend religious services at the prison chapel, order $75 of commissary privileges, make six (6) 15-minute telephone calls a day, watch television inside his cell, eat all meals with the general population, participate in two out of cell recreation periods, participate in various programs and other activities that's available to the inmates of general population, among other things.

39. The confinement conditions of SRG status is similar to administrative segregation status. While as an

SRG Phase 2 inmate. the plaintiff is confined to his cell for 23-hours a day with only one-hour of outside recreation, eat all meals inside of his cell, receive only 3 showers a week and 3-fifteen minute telephone calls a week. may only order $35 of commissary privileges. denied participation in congregate religious services and religious services at the prison chapel, denied to participate in work assignments, denied to participate in congregate programming, denied to watch his television, among other restrictive conditions.

40. Because the plaintiff was subject to "mixed sanctions," affecting both the duration and the conditions of his confinement, his due process claims relating to the disciplinary hearing are barred by the favorable termination rule set forth in, Heck v. Humphrey, 512 US 477 (1994) and Edwards v. Balisok, 520 US 641, 646-48 (1997), unless Plaintiff "forgo once and for all any challenge to any sanctions that affect the duration of his confinement," pursuant to Peralta v. Vasquez, 467 F.3d 98, 104 (2d Cir. 2006); therefore, the plaintiff waives for all time all claims in this action relating to disciplinary sanctions affecting duration of his confinement.

First Count

41. Plaintiff incorporates the allegations in paragraphs 1-40.

42. Defendants Cook, Baron, Santiago, Maiga, Perez,

Matthews and Behm, have violated Plaintiff's rights to Due Process of Law under the Fourteenth Amendment to the United States Constitution enforceable through 42 USC § 1983 by subjecting Plaintiff to disciplinary proceedings and punishment for violating vague and overbroad prison rules, and by failing to give Plaintiff adequate notice of prison rules.

Second Count

43. Plaintiff incorporates the allegations in paragraphs 1-42.

44. Defendants Cook, Baron, Santiago and Maiga, have violated Plaintiff's rights to Due Process of Law to the United States Constitution enforceable through 42 USC § 1983 by creating a policy and custom or allowing the continuance of a policy and custom under which the plaintiff's constitutional rights were violated by subordinates who subjected him to disciplinary proceedings and punishment for violating vague and overbroad prison rules and by failing to give him adequate notice of prison rules.

Third Count

45. Plaintiff incorporates the allegations in paragraphs 1-44.

46. Plaintiff had a protected liberty interest in avoiding long term confinement in a restrictive housing unit as a security risk group member.

47. Defendants Cook, Baron, Santiago and Maiga, have violated the plaintiff's rights to Due Process of Law under

the Fourteenth Amendment to the United States Constitution enforceable through 42 USC §1983 by failing to give Plaintiff adequate notice of an SRG notice of hearing, and by failing to give Plaintiff a seperate hearing prior to his placement and classification to the SRG status.

## Fourth Count

48. Plaintiff incorporates the allegations in paragraphs 1-47.

49. Plaintiff was pending a disciplinary report for SRGA at MacDougall-Walker CI, and at a disciplinary hearing defendant Perez made representations to the plaintiff that if he pled guilty to the charge that he would receive certain sanctions namely 15 days' of punitive segregation, 60 days' of loss of visits, 45 days' loss of commissary privileges and 15 days' loss of risk reduction earned credit; and Plaintiff relied upon defendant Perez's representations that he would receive those sanctions in exchange for a guilty plea. Plaintiff was informed by defendant Perez that if he pled guilty it would also bar an appeal, and that reliance from the defendant Perez resulted in the plaintiff's injury, because defendants Baron, Santiago and Maiga, used that disciplinary report that Plaintiff pled guilty to to sanction and classify him as an SRG member, in violation of the principles of promissory estoppel and also constitutes fraud.

## V. Prayer For Relief

Wherefore, the plaintiff respectfully prays for relief as follows:

1. A declaratory judgment that the actions of defendants violated the plaintiff's rights under the Forteenth Amendment of the United States Constitution and under the state's common law for breach of contract and fraud.

2. An injunction restraining Defendants from subjecting the plaintiff to the conditions of confinement of the security risk group units, ordering the defendants to remove Plaintiff from SRG status, and an order requiring the defendants to publish the new revised offense of Security Risk Group Affiliation in its Administrative Directive 9.5 and give inmates notice that telephones calls are subject to disciplinary proceedings.

3. An award of punitive damages against the defendants in their individual capacities.

4. An award of compensatory damages against the defendants in their individual capacities.

5. Such other relief that the Court deems just and proper.

Plaintiff, Jason Vaughn
x [signature]
Jason Vaughn
Walker CI
1153 East St South
Suffield, CT 06080

Declaration of the Plaintiff

Pursuant to 28 USC §1746, I, Jason Vaughn, hereby declares under penalty of injury that the foregoing is true and correct, and that any statement based upon information and belief is true and correct to the best of my knowledge.

x [signature]
Signature of Plaintiff

Date: July, 10 2019