UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON VAUGHN,                      :
    Plaintiff,                 :
                            :
v.                                 :    3:19cv1528 (AWT)
                            :
ROLIN COOK, et al.                 :
    Defendants.                :

### ORDER ON MOTION TO AMEND

On August 27, 2019, the plaintiff, Jason Vaughn, an inmate
who is confined within the Department of Correction ("DOC"),
brought this action pro se under 42 U.S.C § 1983 against
Commissioner Rollin Cook, MacDougall-Walker Correctional
Institution Warden Kristin Baron, Director of Security Antonio
Santiago, Director of Offender Population Management and
Classification David Maiga, Correctional Lieutenant and Hearing
Officer Daniel Perez, Correctional Officer Matthews, and
Correctional Officer Behm in their official and individual
capacities.[1] [Doc.#1].

In his original verified complaint, the plaintiff alleged
violation of the Due Process Clause of the Fourteenth Amendment,
and he asserted state common law claims of fraud and violation
of the principle of promissory estoppel. [Doc.#1].  In an
initial review order, the court permitted the case to proceed on
the plaintiff's Fourteenth Amendment claims and state law

---

[1] On October 21, 2019, the plaintiff's motion to proceed informa
pauperis was granted. [Doc.#9].

claims.  [Doc.#11].  The court later permitted the plaintiff to
file an amended complaint to supplement his claims and add
relevant attachments; the court instructed the plaintiff "to
file an amended complaint that includes all of his factual
allegations asserted in his original complaint and amended
factual allegations and all of his claims." [Docs.##23, 24,
25].  The plaintiff then filed an amended complaint that did not
comply with the court's order because his amended complaint
asserted allegations without including the claims from the
original complaint. [Doc.#28].

    Thereafter, the defendants filed a motion to dismiss the
complaint, which addressed the claims in the original complaint.
[Doc.#32].  The court noted that the existing pleadings did not
properly provide notice to the defendants or the court of what
claims the plaintiff is actually alleging against the
defendants. [Doc.#35].  The court afforded the plaintiff one
more opportunity to file an amended complaint that included all
of his claims that he alleges against the defendants.  Id.  The
plaintiff subsequently filed an amended complaint against the
same defendants with attachments.  [Docs.##35, 35-1].

    On November 20, 2020, the court reviewed the amended
complaint and determined that the plaintiff's Fourteenth
Amendment claims that he was deprived of due process before

2

being classified and placed as an SRG member and vagueness challenge to prison rules could proceed beyond initial review. [Doc.#36].  The court also permitted his state law claims to proceed.

On November 30, 2020, the plaintiff filed a motion for leave to amend the complaint that appears to seek permission to add additional claims of First Amendment violation and a claim related to his mental health. [Doc.#38].  The plaintiff has not attached a proposed amended complaint.  For the following reasons, the motion for leave to amend will be denied.

### I.   LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once as a matter of course within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading.  See Fed. R. Civ. P. 15(a)(1)(A) & (B). Otherwise, the plaintiff may amend his complaint only with "the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend may be "freely given" in the absence of bad faith, undue delay, unfair prejudice, or futility.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to

allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.") (citation omitted). The district court "has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Jin v. Metropolitan Life Insurance Company, 310 F.3d 84, 101 (2d Cir. 2002).

In determining what constitutes prejudice, the court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. North Hempsted Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." McKain v. Estate of Rhymer, 166 F. Supp. 3d 197, 199 (D. Conn. 2015) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

## II.  DISCUSSION

Although the defendants have not filed an opposition to the motion to amend, the court will deny the motion for leave to amend for reasons that concern the merits of the plaintiff's motion.  First, he has failed to attach a copy of the proposed amended complaint, and therefore, the court cannot review the substance of the plaintiff's proposed new allegations.  See Gulley v. Dzurenda, 264 F.R.D. 34, 36 (D. Conn. 2010) (noting failure to attach the proposed amended complaint "may result in the court denying leave to amend on the grounds that the court cannot evaluate the propriety of granting leave unless the court has had an opportunity to review the substance of the proposed amendment.").

In addition, the plaintiff's proposed amendments are difficult to discern from his motion.  The plaintiff represents that he seeks to assert material facts of First Amendment violation and a form of injury due to his mental health. [Doc.#38].  He states that he has a lack of knowledge of federal law and has A.D.H.D.  However, it is not clear whether he seeks to supplement his existing claims with additional facts or add new claims.  The court cannot assess whether plaintiff seeks to add any meritorious claims and must dismiss this motion. Moreover, the court specifically instructed the plaintiff that

it would provide him with "one more opportunity to file an amended complaint that includes all of his claims against the defendants." [Doc.#34 at 2] (emphasis added).  In its order, the court advised the plaintiff that "[a]ny claim not included in his amended complaint will not be considered by the court."  Id. In its conclusion, the court even stated in bold that the **"plaintiff must make sure he includes all of his claims in the amended complaint that is filed within 30 days of this order."** Id. at 3.

      The plaintiff has not provided any justification for his request to add additional allegations or claims after the court specifically instructed him it would not consider any claims not included in his amended complaint and after the court conducted its initial review of his amended complaint.  Moreover, such an amendment would prejudice the defendants by imposing further delay after the defendants have twice filed their motion to dismiss.

      **III. CONCLUSION**

      For the foregoing reasons, the motion to amend [Doc.#38] is DENIED.  The plaintiff is instructed, within thirty days of this order's filing date, to file a response to the defendants' second motion to dismiss.

      It is so ordered.

6

Signed at Hartford this 11th day of January 2021.


                         _____/s/AWT_____
                              Alvin W. Thompson
                         United States District Judge